**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 119572

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**WHITE PLAINS DIVISION**

| | |
|---|---|
| Yeshaya Altman individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> Zwicker & Associates, P.C., <br><br> Defendant. | Case No: <br><br> **CLASS ACTION COMPLAINT** <br><br> JURY TRIAL DEMANDED |

Yeshaya Altman individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Zwicker & Associates, P.C. (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1.      This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

**JURISDICTION AND VENUE**

2.      This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.      Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

1

4.     At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5.     Plaintiff Yeshaya Altman is an individual who is a citizen of the State of New York residing in Orange County, New York.

6.     Plaintiff is a natural person allegedly obligated to pay a debt.

7.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8.     On information and belief, Defendant Zwicker & Associates, P.C., is a Connecticut Professional Corporation with a principal place of business in Hartford County, Connecticut.

9.     Defendant regularly collects or attempts to collect debts asserted to be owed to others.

10.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11.    The principal purpose of Defendant's business is the collection of such debts.

12.    Defendant uses the mails in its debt collection business.

13.    Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## THE FDCPA AS IT RELATES TO THE CLAIMS HEREIN

14.    Congress enacted the FDCPA upon finding that debt collection abuse by third party debt collectors was a widespread and serious national problem. *See* S. Rep. No. 95-382, at 2 (1977) *reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a).

15.    The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by independent debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

16.    To further these ends, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

17.    As such, the circumstances of the particular debtor in question have no bearing as

to the question of whether there has been a violation of the FDCPA. *See Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012).  Indeed, it is not necessary for a plaintiff to show that he or she was confused by the communication received. *Jacobson,* 516 F.3d at 91. Likewise, the plaintiff consumer's actions or inaction in response to a communication from a debt collector are irrelevant.  *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

18.     Instead, "the test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives." *Russell,* 74 F.3d at 34.

19.     If a debt collector's communication is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer, it violates the FDCPA.  *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001). Similarly, a communication violates the FDCPA if it is "open to more than one reasonable interpretation, at least one of which is inaccurate," or if the communication "would make the least sophisticated consumer uncertain as to her rights." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993); *Jacobson,* 516 F.3d at 90.

20.     The FDCPA is a strict liability statute, and a debt collector's intent may only be considered as an affirmative defense. 15 U.S.C. § 1692k(c); *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Likewise, "the degree of a defendant's culpability may only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993).  A single violation of the FDCPA to establish civil liability against the debt collector.  *Id.*

**ALLEGATIONS SPECIFIC TO PLAINTIFF**

21.     Defendant alleges Plaintiff owes a debt ("the alleged Debt").

22.     The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

23.     The alleged Debt does not arise from any business enterprise of Plaintiff.

24.     The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

25.     At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

3

26. At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

27. In its efforts to collect the alleged Debt, Defendant contacted Plaintiff by letters including the letter dated April 14, 2020 ("the Letter"). (A true and accurate copy is annexed hereto as **"Exhibit 1."**)

28. The Letter conveyed information regarding the alleged Debt.

29. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

30. The Letter was received and read by Plaintiff.

31. 15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendant. As set forth herein, Defendant deprived Plaintiff of this right.

32. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

33. 15 U.S.C. § 1692e prohibits the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt.

34. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

35. The Letter contains a settlement offer, which offers Plaintiff an opportunity to regain card membership to her American Express card if the outstanding balance is paid in full.

36. While a settlement offer in and of itself is not improper, such offer runs afoul of the FDCPA if it impresses upon the least sophisticated consumer that if he or she does not accept the settlement, he or she will have no further opportunity to settle the debt for less than the full amount.

37. Upon being presented with such offer, the least sophisticated consumer could be materially misled into remitting payment or entering into a repayment plan she may not be able to afford, for fear of being subjected to additional collection efforts for the full amount of the debt when, in fact, settlement offers are frequently renewed if the consumer fails to accept the initial offer.

38. These concerns can be adequately addressed by the debt collector including with the offer the following language: "We are not obligated to renew this offer." *Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 776 (7th Cir. 2007).

39. The phrase "we are not obligated to renew this offer" adequately conveys to the least sophisticated consumer that there is a renewal possibility, but also that it is not assured. Id.

40. The Letter does not state "we are not obligated to renew this offer," nor does it include any kind of substantially similar language.

41. The least sophisticated consumer would likely be misled by the settlement offer.

42. The least sophisticated consumer would likely be misled in a material way by the settlement offer.

43. Defendant has violated 15 U.S.C. § 1692e by way of using a false, deceptive, or misleading representation or means in its attempt to collect Plaintiff's alleged Debt.

44. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e and 1692e(10) and is liable to Plaintiff therefor.

## CLASS ALLEGATIONS

45. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York.

46. Plaintiff seeks to certify a class of:

> All consumers to whom Defendant sent a collection letter substantially and materially similar to the Letter sent to Plaintiff, which letter was sent on or after a date one year prior to the filing of this action to the present.

47. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

48. The Class consists of more than thirty-five persons.

49. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

50. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant

has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

51.     Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

52.     Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment be entered:

    a.  Certifying this action as a class action; and

    b.  Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel;

    c.  Finding Defendant's actions violate the FDCPA; and

    d.  Granting damages against Defendant pursuant to 15 U.S.C. § 1692k; and

    e.  Granting Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    f.  Granting Plaintiff's costs; all together with

    g.  Such other relief that the Court determines is just and proper.

DATED: August 13, 2020

**BARSHAY SANDERS, PLLC**

By: _/s/ *Craig B. Sanders*_
Craig B. Sanders, Esquire
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055

        csanders@barshaysanders.com  
        *Attorneys for Plaintiff*  
        Our File No.: 119572