```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
YESHAYA ALTMAN, individually and on           :
behalf of all others similarly situated,      :
                         Plaintiff,           :
                                              :           OPINION AND ORDER
v.                                            :
                                              :           20 CV 6622 (VB)
ZWICKER & ASSOCIATES, P.C.,                   :
                         Defendant.           :
--------------------------------------------------------------x
```

Briccetti, J.:

Plaintiff Yeshaya Altman brings this putative class action against defendant Zwicker & Associates, P.C., a debt collector, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C §§ 1692 et seq.

Now pending is defendant's motion to dismiss the first amended complaint ("FAC") pursuant to Rule 12(b)(6).  (Doc. #25).

For the reasons set forth below, the motion is GRANTED.

The Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

## BACKGROUND

In deciding the pending motion, the Court accepts as true all well-pleaded factual allegations in the FAC and draws all reasonable inferences in plaintiff's favor.

According to the FAC, defendant sent plaintiff a debt collection letter (the "letter") dated April 14, 2020.[1]  The letter stated plaintiff owed $2,880.71 to American Express.  Below that, in

---

[1] In considering a motion to dismiss, "a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint."  DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010).  Plaintiff attached a copy of the April 14 letter to the FAC.

1

bold typeface, it stated, "Opportunity to Regain Card Membership Call for Details." (Doc. #20 ("FAC") at ECF 1).[2]  The letter further stated:

> American Express has authorized us to make you a special offer.  American Express values your previous relationship and would like to offer you the opportunity to regain Card Membership.  <u>You have been selected to receive an Optima Card application if you pay your balance in full on the American Express account referenced above</u>.

(Id.) (emphasis added).  It then stated that "[a]fter you pay your balance in full, American Express will send you an application for the new Optima Card.  Your application will be approved by American Express unless" one of four conditions applied:  (i) the letter recipient had an active bankruptcy at the time of the application, (ii) the recipient had accepted another offer for an Optima Card account from a different agency or from American Express, (iii) the recipient had an active American Express account, or (iv) American Express determined the recipient did not have "the financial capacity to make the minimum payment on this new Optima Card account."  (Id.).

Plaintiff alleges the letter was misleading in violation of Section 1692e of the FDCPA because (i) there was no actual "selection" process by which consumers were selected to receive an Optima Card application, (ii) the "selection" process "may override" the four conditions (Doc. #28 ("Opp.") at ECF 13), and (iii) the absence of a date by which to respond to the letter misleadingly suggested the offer was open-ended.

---

Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

[2]   "ECF __" refers to page numbers automatically assigned by the Court's Electronic Case Filing system.

**DISCUSSION**

I.     Standard of Review

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). First, a plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss.  Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010).  Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556). [3]

II.    Fair Debt Collection Practices Act

Defendant argues plaintiff has not plausibly pleaded the letter is misleading such that Sections 1692e and 1692e(10) were violated.

---

[3] Plaintiff argues there are "questions of fact that preclude the dismissal of the [FAC] at this early stage of the proceedings."  (E.g., Opp. at ECF 6, 8).  Plaintiff misapprehends the law. At this stage, plaintiff must plausibly allege a claim, and "questions of fact" do not "preclude the dismissal" of the FAC if the Court concludes plaintiff has failed plausibly to allege any violation of federal law.  (Id. at ECF 6).

3

The Court agrees.

A.  "Least Sophisticated Consumer" Standard

The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). The Second Circuit has "consistently interpreted the statute with these congressional objects in mind." Avila v. Riexinger & Assocs., LLC, 817 F.3d 72, 75 (2d Cir. 2016).

Claims of FDCPA violations are evaluated under "an objective standard, measured by how the 'least sophisticated consumer' would interpret the notice received from the debt collector." Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2d Cir. 1996). "[T]he test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives." Id. Still, the least sophisticated consumer is "presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." Clomon v. Jackson, 988 F.2d 1314, 1319 (2d Cir. 1993). "[C]ollection notices can be deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate." Id.

Under this standard, a debt collection letter may violate the FDCPA when it is sufficiently ambiguous to give rise to a reasonable, but inaccurate, interpretation. For purposes of assessing the validity of an FDCPA claim, a court should review a debt collection letter in its entirety. McStay v. I.C. Sys., Inc., 308 F.3d 188, 191 (2d Cir. 2002). Courts analyze such letters "from the perspective of a debtor who is uninformed, naive, or trusting, but is making basic,

4

reasonable and logical deductions and inferences." Dewees v. Legal Servicing, LLC, 506 F. Supp. 2d 128, 132 (E.D.N.Y. 2007).

The Second Circuit has "made clear that in crafting a norm that protects the naive and the credulous the courts have carefully preserved the concept of reasonableness." McStay v. I.C. Sys., Inc., 308 F.3d at 190–91.  The least sophisticated consumer standard reflects the important balance between the need to protect consumers from deceptive and abusive collection practices and the need to protect debt collectors from liability based on unreasonable interpretations of collection letters.  Clomon v. Jackson, 988 F.2d at 1319–20.  "Accordingly, FDCPA protection does not extend to every bizarre or idiosyncratic interpretation of a collection notice and courts should apply the standard in a manner that protects debt collectors against liability for unreasonable misinterpretations of collection notices."  Easterling v. Collecto, Inc., 692 F.3d 229, 233–34 (2d Cir. 2012).

When "an FDCPA claim is based solely on the language of a letter to a consumer, the action may properly be disposed of at the pleadings stage."  De La Cruz v. Fin. Recovery Servs., Inc., 2019 WL 4727817, at *3 n.5 (S.D.N.Y. Mar. 28, 2019).

B.    Section 1692e Claims

Defendant argues plaintiff has not plausibly alleged the debt collection letter is false, deceptive, or misleading.

The Court agrees.

1.    Applicable Law

Section 1692e prohibits the use of "false, deceptive, or misleading representation[s] or means in connection with the collection of any debt," and contains a non-exhaustive list of sixteen proscribed acts.  As relevant to this case, subsection (10) prohibits, "[t]he use of any false

representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." "However, not every technically false representation by a debt collector amounts to a violation of the FDCPA." Bryan v. Credit Control, LLC, 954 F.3d 576, 582 (2d Cir. 2020). Instead, "as a natural corollary to the least sophisticated consumer test, only material errors violate Section 1692e." Id. "That is, a false statement is only actionable under the FDCPA if it has the potential to affect the decision-making process of the least sophisticated consumer." Id.

Here, plaintiff offers several interpretations of the letter that he contends render the letter false, deceptive, or misleading. However, plaintiff fails plausibly to plead the letter was false, deceptive, or misleading in violation of the FDCPA.

### 2. Selection Process

Plaintiff's main argument is that the letter falsely suggests a pre-selection process was used to determine which consumers received the debt collection letter offering the consumer a chance to regain card membership. Plaintiff claims that because he had two other active American Express accounts, the letter's representation that he had been "selected" to receive an application to regain card membership is a false statement in violation of Sections 1692e and 1692e(10).[4] Plaintiff argues that by the terms of the letter, he would have been ineligible to qualify for the offer under the third condition, which states applications from recipients with an active American Express account would not be approved. According to plaintiff, this means

---

[4] Confusingly, in plaintiff's opposition, he alternately states that his two other American Express accounts were in default and that they were active. Compare Opp. at ECF 5 with id. at ECF 8. Because a Court considering a motion to dismiss must generally confine itself to the four corners of the complaint, the Court presumes for the purposes of this motion that plaintiff's other accounts were active when he received the letter, as alleged in the FAC.

6

there was no pre-selection process because plaintiff could not have possibly been qualified to receive the offer to regain card membership.

Plaintiff's idiosyncratic interpretation of the letter's straightforward language does not plausibly plead a Section 1692e violation. His circular reasoning conflates selection to receive a card application if one paid an outstanding debt with approval of said application. And beyond plaintiff's conclusory and speculative allegation that "[u]pon information and belief, there was no 'selection process' . . . since if there was in fact such a process, Plaintiff . . . would not have been selected due to his ineligibility under the terms of the Letter" (FAC ¶ 40), plaintiff offers no well-pleaded allegation that a pre-selection process did not exist. Plaintiff cannot sustain a Section 1692e claim on such a "naked assertion[] devoid of further factual enhancement." Ashcroft v. Iqbal, 556 U.S. at 678.

Moreover, even if plaintiff had plausibly pleaded the statement about the selection process ("You have been selected to receive an Optima Card application") was false, deceptive, or misleading, plaintiff has not plausibly pleaded the existence or non-existence of a pre-selection process was material to the least sophisticated consumer's decision to pay or challenge the debt at issue. See Bryan v. Credit Control, LLC, 954 F.3d at 582 ("[A] false statement is only actionable under the FDCPA if it has the potential to affect the decision-making process of the least sophisticated consumer.").

### 3. Overriding the Conditions

Plaintiff's argument that the "purported pre-selection process may override any or all of the conditions" also fails plausibly to plead a Section 1692e claim. (Opp. at ECF 13). Even the least sophisticated consumer, who is presumed to be "neither irrational nor a dolt," Huebner v. Midland Credit Mgmt., Inc., 897 F.3d 42, 51 (2d Cir. 2018), could not reasonably interpret the

letter as a whole to mean that by virtue of having been selected to receive an application, the clear restrictions on application approval listed in the later part of the letter ("Your application will be approved by American Express unless," followed by the four conditions) was rendered invalid.  (FAC at ECF 1).

### 4. Lack of Expiration Date

Plaintiff also argues the letter is misleading because it did not include a date upon which the letter's offer to regain card membership expired, which could lead the least sophisticated consumer into believing the offer is open-ended, when it is not in fact open-ended.  According to plaintiff, this could mean the "least sophisticated consumer could pay her outstanding balance in full, only to be advised the offer had been withdrawn."  (FAC ¶ 84).

However, "[u]nder well-established New York law, unless supported by consideration, an offer is freely revocable by the offeror."  Cumis Ins. Soc., Inc. v. Citibank, N.A., 921 F. Supp. 1100, 1106 (S.D.N.Y. 1996).  Moreover, the offer could not be revoked without plaintiff having been informed of the revocation.  See id. ("A revocation is a clear manifestation of an intent not to perform, and once communicated to the offeree, terminates the offeree's power to accept the offer.") (citing Restatement (Second) of Contracts § 42 (1981)).  In other words, defendant could not have withdrawn the offer of sending an application if the consumer paid the allegedly outstanding debt without communicating such withdrawal to the consumer.  Thus, this theory too fails plausibly to plead a Section 1692e claim.

### 5. Other Allegations

The Court has also considered the remaining allegations in the FAC and concluded that none of them states a claim upon which relief can be granted.  Indeed, several courts have already rejected the contention that the same letter sent to other consumers was false, misleading,

or deceptive in any manner.  See Greenfeld v. Rausch, Sturm, Israel, Enerson & Hornik LLP, 20-cv-9975 (CS), Doc. #18  (S.D.N.Y. Feb. 10, 2021); Walston v. Nationwide Credit, Inc., 2019 WL 4139002, at *3 (N.D. Ill. Aug. 30, 2019).

The Court "decline[s] to reconstruct the [l]etter to support [plaintiff's] farfetched and implausible interpretation[s]." Ghulyani v. Stephens & Michaels Assocs., Inc., 2015 WL 6503849, at *3 (S.D.N.Y. Oct. 26, 2015).  "[T]he FDCPA does not aid plaintiffs whose claims are based on bizarre or idiosyncratic interpretations of collection notices; and the interpretation[s] espoused by [plaintiff] [are] indeed idiosyncratic—much more likely to be arrived at by an enterprising plaintiff's lawyer than by a least sophisticated consumer." Id.

Simply put, plaintiff has not plausibly alleged that any representation in the letter is false, misleading, or deceptive.  Accordingly, plaintiff's Section 1692e and 1692e(10) claims must be dismissed.

## CONCLUSION

The motion to dismiss is GRANTED.

The Clerk is instructed to terminate the motion (Doc. #25) and close this case.

Dated: August 25, 2021
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge